United States District Court
Southern District of Texas
**ENTERED**
September 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEON RUSH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-383 |
| | § | |
| BILL PIERCE, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER OF DISMISSAL

Deon Rush has filed a civil rights complaint, alleging that his religious rights were violated while he was incarcerated. Rush proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He has provided an amended complaint (Dkt. 13) and a more definite statement (Dkt. 15), and he seeks declaratory and injunctive relief as well as compensatory and punitive damages. He lists four defendants (Dkt. 13 at pp. 1–2). Rush's primary complaint is that he was forced to cut his hair, in violation of his Nazirite religious beliefs, pursuant to prison grooming policies to which he was not granted a religious exemption. The defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. 24). Rush has not responded. The Court will grant the defendants' motion.

Rush has been released from prison, so his claims for injunctive and declaratory relief are moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Rush cannot recover damages against the defendants in their individual capacities under 42 U.S.C. § 1983 because the grooming policy he challenges is rationally related to the achievement

of valid penological goals. *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). To the extent that Rush is trying to seek damages against the defendants in their individual capacities under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), RLUIPA does not create a cause of action against officials in their individual capacities. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329–31 (5th Cir. 2009), *aff'd*, 131 S.Ct. 1651 (2011). Rush's claims for damages against the defendants in their official capacities, whether brought under Section 1983 or under RLUIPA, are barred by sovereign immunity. *Id.*; *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001).

The defendants' motion to dismiss (Dkt. 24) is **GRANTED**. Rush's claims for injunctive and declaratory relief are dismissed without prejudice for lack of jurisdiction. His claims for compensatory and punitive damages are dismissed with prejudice.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on September 29, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE